UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JAMES KOSHEBA
    Plaintiff,

v.

HOWMET CORPORATION MUSKEGON
COUNTY OPERATIONS HOURLY
EMPLOYEES' PENSION PLAN,

    Defendant.

Case No. 1:21-cv-00130

Hon. _____

Kyle P. Konwinski (P76257)
John D. Arendshorst (P78709)
William J. Whalen (P84669)
VARNUM LLP
Attorneys for Plaintiff
Bridgewater Place, P.O. Box 352
Grand Rapids, MI  49501-0352
(616) 336-6000

## **COMPLAINT**

NOW COMES Plaintiff, James Kosheba, by and through his counsel of record, Varnum LLP, and hereby states as his Complaint against the Defendant Howmet Corporation Muskegon County Operations Hourly Employees' Pension Plan as follows:

### I.    PARTIES, JURISDICTION, AND VENUE

1. Plaintiff James Kosheba is an individual residing in Muskegon, Muskegon County, Michigan.

2. Defendant Howmet Corporation Muskegon County Operations Hourly Employees' Pension Plan ("Defendant"), is an Employee Retirement Income Security Act ("ERISA")

Retirement Plan with its principal place of business in Whitehall, Michigan. The summary plan description in effect on James Kosheba's retirement date is attached as **Exhibit A**.

3. Defendant breached its duties to pay pension benefits to James Kosheba in Muskegon County, Michigan, by failing to accurately compute and pay his rightful pension benefits under the terms of the pension plan from March 1, 2020 until the present.

4. Jurisdiction is proper in this court pursuant to 29 U.S.C. § 1132(e)(1).

5. Venue is proper in this court pursuant to 29 U.S.C. § 1132(e)(2), as this is the District where the breach took place regarding failure to pay pension benefits on a timely basis, and failure to award interest on the pension benefits when they were, ultimately, paid.

## II.    GENERAL ALLEGATIONS

6. Plaintiff restates ¶1-5, above, as if fully restated herein.

7. James Kosheba was a member of the United Automobile, Aerospace and Agricultural Implement Workers of America Local No. 1243 (the "Union") at all times relevant to this litigation.

8. As a member of the Union, James Kosheba made monthly contributions from his paycheck for employee benefits, including a pension benefit.

9. He first became a member of the Union in 1979.

10. After working in the Union through February 11, 2015 and making all required contributions to the Pension Fund during that time, James Kosheba was permanently disabled due to an accident while working.

11. James Kosheba was on long-term disability leave from February 11, 2015 through February 11, 2020, at which date his employment was terminated in accordance with the rules of the Union.

12. James Kosheba received workers' compensation benefits during the period of his long-term disability leave.

13. Defendant's summary plan description, **Exhibit A**, states that participants earn "Pension Service" during certain types of absences, including "approved absence for occupational disability incurred in the course of employment with the employing plant for which you received workers' compensation benefits."

14. On February 28, 2020, Defendant provided James Kosheba with a Pension Calculation Statement and a "Starting Your Pension Benefit" form, attached as **Exhibits B** and **Exhibit C**, respectively.

15. The Pension Calculation Statement and Starting Your Pension Benefit form both indicated that James Kosheba's last day of employment was June 6, 2016, rather than the correct date of February 11, 2020.

16. The Regular Monthly Pension under the pension plan is the product of a participant's years of Pension Service as of December 31, 2018 multiplied by the "Monthly Rate" in effect on the date the participant retires or terminates employment.

17. The use of the incorrect date on the materials provided by Defendant meant that James Kosheba was denied credit for over two and one-half years of his rightful Pension Service for the time he was on long-term disability, and that the Monthly Rate used to calculate his benefit was $38.00 as in effect in June 2016, rather than $46.00 as in effect in February 2020.

18. James Kosheba submitted a benefit appeal to Defendant on May 14, 2020, requesting recalculation of his pension benefit using the full credit for his Pension Service and the Monthly Rate of $46.00.

19. Defendant denied the appeal on July 31, 2020 and refused to award James Kosheba his pension benefits pursuant to the terms of the pension plan.

20. James Kosheba has exhausted all of his administrative remedies under Defendant's pension plan.

### COUNT I – 29 U.S.C. § 1132

21. Plaintiff restates ¶1-20, above, as if fully restated herein.

22. James Kosheba properly made a claim for benefits.

23. James Kosheba exhausted the plan's administrative appeals process after submitting a benefit appeal, which Defendant denied.

24. The terms of Defendant's summary plan description require Defendant to give James Kosheba service credit for his time spent on long-term disability.

25. Defendant failed to properly provide James Kosheba the full benefits he is owed under the terms of the pension plan.

26. James Kosheba has suffered damages equal to the difference between his pension payments provided by Defendant and the correct amount of his pension benefits giving him full credit for his Pension Service, including the time he was on long-term disability leave from February 11, 2015 through December 31, 2018, and the Monthly Rate of $46.00 in effect on February 11, 2020.

27. For the foregoing reasons, Defendant is liable to James Kosheba for the correct amount of his pension benefits, including any interest, and attorney's fees under 29 U.S.C. § 1132(g)(1).

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter a judgment against Defendant and award James Kosheba the correct amount of his pension benefits under the pension plan, including any interest on the unpaid portion of his benefits for each month it has gone unpaid; and

B. Award James Kosheba all attorney's fees, costs, and other damages, and award any additional relief that is just and equitable under the circumstances.

Respectfully submitted,

VARNUM LLP
Attorneys for Plaintiff

Dated:  February 8, 2021

By: */s/ William J. Whalen*
Kyle P. Konwinski (P76257)
John D. Arendshorst (P78709)
William J. Whalen (P84669)
Business Address & Telephone:
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501-0352
Telephone: (616) 336-6000
Fax: (616) 336-7000
kpkonwinski@varnumlaw.com

17520641.2